# IN THE UNITED STATES DISTRICT COURT

## FOR THE DISTRICT OF NEW MEXICO

JASON MACDONALD,

      Petitioner,

v.                                         No. 25-cv-0564-SMD-SCY

SECRETARY DEPARTMENT
OF CORRECTIONS, *et al*,

      Respondents.

## <u>MEMORANDUM OPINION AND ORDER</u>

This matter comes before the Court on Plaintiff Jason Macdonald's Second Amended Prisoner Rights Complaint. Doc. 5 ("Compl."). Plaintiff is a state prisoner in Bowling Green, Florida and is proceeding *pro se*. He appears to raise 42 U.S.C. § 1983 claims against various Florida officials based on, inter alia, the alleged denial of due process in his Florida state criminal proceedings. The exact scope of the claims is unclear because Plaintiff filed various motions and notices supplementing the allegations. Docs. 6, 7, 12, 13, 15, 19-22, 25-26. It is also unclear whether any claims or Defendants are connected to the District of New Mexico.

After submitting the supplemental pleadings, Plaintiff filed a Motion to Strike Action. Doc. 23 ("Motion"). The Motion asks the Court "to strike this action by dismissal without prejudice." Doc. 5 at 1. The Motion also contains a single ground for relief, which reiterates: "[MacDonald] is entitled to relief for dismissal of action without prejudice." *Id.* at 2. Elsewhere in the Motion, however, it appears that Plaintiff may seek the dismissal of a different, unknown action where he is the defendant. The Motion states Plaintiff is "entitled to dismissal due to [the] failure to comply with a Rule or Court order: 41.1 a violation of the attorney-client privilege." *Id.*

In the request for relief, Plaintiff asks the Court to "enter a judgment on relief;" order his "emergency release;" and "set a Court date for Rule 16 procedures." *Id.* at 3. Plaintiff submitted a Notice on the same day as the Motion, which attaches various prison grievances from the Florida Department of Corrections. Doc. 22. Thereafter, he submitted three other notices purporting to provide evidence about his prison conditions and confirming that he wishes to receive mail at his current Florida facility. Docs. 24, 25, 26.

On this record, the Court cannot determine whether Plaintiff intends to continue prosecuting this case or whether venue is proper in the District of New Mexico. If Plaintiff intends to prosecute this civil proceeding (No. 25-cv-0564-SMD-SCY), he must file a single amended complaint within thirty (30) days of entry of this Order. Any amendment must make "clear exactly who is alleged to have done what to whom, to provide each individual with fair notice as to the basis of the claims against him or her." *Robbins v. Oklahoma*, 519 F.3d 1242, 1250 (10th Cir. 2008). The amendment must also list each Defendant; provide their address or location; and describe where the alleged wrongdoing occurred. *See* 28 U.S.C. § 1391(b) (considering those factors with respect to venue).

The Court will not consider any piecemeal filings aside from the single amended complaint, nor will it order a release from state custody in this civil rights action. *See Hamilton v. Bird*, 650 Fed. App'x 585, 588 (10th Cir. 2016) (noting an inmate "may not pursue civil rights and habeas claims in the same action"). Consistent with this ruling, the Court will deny Plaintiff's pending motions raising supplemental factual allegations or seeking discovery/substantive relief. Docs. 6, 10-13, 15-16, 18. Plaintiff may reassert any relevant factual allegations in his single, amended complaint. To the extent those motions ask the Court to update Plaintiff's address, no further relief is necessary. The Clerk's Office has already updated Plaintiff's address pursuant to each new

notice.  The Court will finally grant Plaintiff's pending Motion to Proceed *In Forma Pauperis* (Doc. 3), which reflects he cannot afford to pay the filing fee.

If Plaintiff seeks to dismiss this civil case without prejudice, he does not need to take any further action.  The failure to timely amend in accordance with the above instructions will result in the dismissal of this action without prejudice to refiling.  The Court may also dismiss this action if Plaintiff continues to file piecemeal pleadings and notices rather than a single, amended complaint.

**IT IS ORDERED** that Plaintiff must file a single, amended complaint within 30 days of entry of this Order, if he seeks to prosecute this action.

**IT IS FURTHER ORDERED** that Plaintiff's Motion to Proceed *In Forma Pauperis* (**Doc. 3**) is **GRANTED**; and Plaintiff's remaining motions raising supplemental allegations and/or seeking relief in connection with the original Complaint (**Docs. 6, 10, 11, 12, 13, 15, 16, 18**) are **DENIED without prejudice**, as set forth above.

SARAH M. DAVENPORT
UNITED STATES DISTRICT JUDGE

3