**IN THE UNITED STATES DISTRICT COURT**

**FOR THE DISTRICT OF NEW MEXICO**

JASON MACDONALD,

Plaintiff,

v. No. 25-cv-0564-SMD-SCY

SECRETARY DEPARTMENT
OF CORRECTIONS, *et al*,

Defendants.

**MEMORANDUM OPINION AND ORDER**

This matter comes before the Court on the piecemeal submissions filed by Plaintiff Eric Fierro in violation of Fed. R. Civ. P. 8(a) and a prior ruling. Plaintiff is a state prisoner in Bowling Green, Florida and is proceeding *pro se*. The Court previously directed him to clarify a request for dismissal and, if he still seeks relief, to file a single complaint in lieu of his various initial pleadings, supplements, and notices. Because Plaintiff responded by submitting 13 more piecemeal pleadings, the Court will dismiss this case without prejudice.

**BACKGROUND**

Plaintiff initiated this case by filing an Untitled Motion Citing 42 U.S.C. § 1983, which consists of one paragraph and references stolen mail in Florida. Doc. 1 ("Opening Mnt"). Thereafter, Plaintiff filed over 12 amendments, motions, and notices to supplement the allegations. Docs. 2, 5-7, 12, 13, 15, 19-22, 25-26. The filings appear to raise § 1983 claims against various Florida officials based on Plaintiff's conditions of confinement and the alleged denial of due process in a Florida state criminal proceeding. However, the exact scope of the claims is unclear. The initial filings also fail to specify whether any claims or Defendants are connected to the District

of New Mexico.

On January 30, 2026, Plaintiff filed a Motion to Strike Action. Doc. 23 ("Mnt to Strike"). In that filing, he asks the Court "to strike this action by dismissal without prejudice." Doc. 5 at 1. The Mnt to Strike also contains a single ground for relief, which states: "[MacDonald] is entitled to relief for dismissal of action without prejudice." *Id.* at 2. Elsewhere in the Mnt to Strike, Plaintiff appears to seek the dismissal of a different, unknown action where he is the defendant. The Mnt to Strike states Plaintiff is "entitled to dismissal due to [the] failure to comply with a Rule or Court order: 41.1 a violation of the attorney-client privilege." *Id.* In the request for relief, Plaintiff asks the Court to "enter a judgment on relief;" order his "emergency release;" and "set a Court date for Rule 16 procedures." *Id.* at 3. Plaintiff submitted a Notice on the same day as the Mnt to Strike, which attaches various prison grievances from the Florida Department of Corrections. Doc. 22. He also submitted three other notices purporting to provide evidence about his prison conditions and confirming that he wishes to receive mail. Docs. 24, 25, 26.

By a ruling entered March 2, 2026, the Court explained that it cannot determine the scope of Plaintiff's claims or whether he intends to continue prosecuting this case. Doc. 27 ("Screening Ruling"). The Court directed Plaintiff to file a single amended complaint, if he intends to continue prosecuting this proceeding. The Screening Ruling explains that any amendment must make "clear exactly who is alleged to have done what to whom, to provide each individual with fair notice as to the basis of the claims against him or her." *Robbins v. Oklahoma*, 519 F.3d 1242, 1250 (10th Cir. 2008). Plaintiff was also directed to list each Defendant; provide their address or location; and describe where the alleged wrongdoing occurred. *See* 28 U.S.C. § 1391(b) (considering those factors with respect to venue).

The Screening Ruling warns that the Court will not continue to consider piecemeal filings that violate Rule 8(a), nor will it order a release from state custody in a civil rights action. *See* Doc. 27 at 2-3; *see also Hamilton v. Bird*, 650 Fed. App'x 585, 588 (10th Cir. 2016) (noting an inmate "may not pursue civil rights and habeas claims in the same action"). Plaintiff was further warned that the Court will dismiss this action if he continues to file piecemeal pleadings and notices rather than a single, amended complaint. Doc. 27 at 2-3.

Plaintiff did not follow these instructions. After entry of the Screening Ruling, he filed 13 more submissions. The submissions include:

(a) At least 4 pleadings titled Amended Complaint or Federal Habeas Petition, which raise 42 U.S.C. § 1983 claims alongside challenges to Plaintiff's state criminal convictions. Docs. 28, 34, 36, 40.

(b) Several notices or letters that contain additional facts, law, and exhibits. Docs. 29, 30.

(c) A second Motion to Strike, which seeks dismissal of this action and simultaneously raises additional claims for relief. Doc. 31.

(d) Several motions to file an amended complaint, which appear to raise supplemental claims for relief or list additional/different respondents. Docs. 33, 39.

(e) At least 4 filings that are difficult to discern but appear to address procedural relief. Docs. 32, 35, 37, and 38.

**DISCUSSION**

Plaintiff's recent filings do not comply with Rule 8(a) or the Screening Ruling, for several reasons. His claims are not confined to a single pleading, as instructed. Striking extraneous submissions would not cure the defect because several different filings are identified as complaints

or supplements. The requests for procedural relief are difficult or impossible to discern. Plaintiff filed several motions to amend along with separate amendments, for example, and he does not identify the controlling pleading. His motion for extension does not clearly specify what type of extension Plaintiff seeks or how he plans to proceed in this case. Doc. 35. Plaintiff also continues to combine claims for habeas relief with 42 U.S.C. § 1983 civil rights claims, and the piecemeal submissions make it difficult to identify the respondents/defendants involved in this case.

As noted above, Plaintiff was warned that his claims and alleged facts must appear in a single pleading. Screening Ruling at 2-3. He was also cautioned that this case will be dismissed if he continued to submit piecemeal filings. *Id.* Because Plaintiff responded by submitting 13 more piecemeal filings, and for the reasons above, the Court will dismiss this case pursuant to Rule 41(b) for failure to comply with orders and, alternatively, pursuant to Rule 8(a) for failure to file a short, plain statement for relief. The dismissal will be entered without prejudice. *See Fontana v. Pearson,* 772 Fed. App'x 728, 729 (10th Cir. 2019) ("If the complainant fails to comply with Rule 8, a court may dismiss an action with or without prejudice."); *Nasious v. Two Unknown B.I.C.E. Agents, at Arapahoe County Justice Center*, 492 F.3d 1158, 1163 (10th Cir. 2007) (applying the same rule under Rule 41(b) where the plaintiff fails to comply with orders).

Most inmates are able to refile their claims following a dismissal without prejudice. In this case, however, it is not possible to discern the scope of the claims or when such claims arose for the purposes of any statute of limitations. To the extent one or more claim is barred by the statute of limitations, the *Ehrenhaus* factors still support this ruling. *See Ehrenhaus v. Reynolds,* 965 F.2d 916, 921 (10th Cir. 1992) (requiring courts to consider factors such as prejudice;

interference with the judicial process; the movant's culpability; prior dismissal warnings; and the efficacy of lesser sanctions). Plaintiff was given detailed instructions and received a warning regarding dismissal. His numerous piecemeal pleadings interfere with the judicial process. Ordering any defendant to answer the filings would cause prejudice, as the claims and controlling pleadings are still unclear. It appears unlikely that additional admonishments would change the result, given Plaintiff's filing history. The Court cannot find that dismissal would materially prejudice Plaintiff's claims. His filings indicate he is a prolific filer in Florida, and it appears he has raised similar theories in at least several other cases. *See, e.g.,* Doc. 28 (listing prior filings).

In sum, dismissal is appropriate pursuant to Rule 8(a), Rule 41(b), and - if it applies - *Ehrenhaus v. Reynolds,* 965 F.2d 916, 921 (10th Cir. 1992). To the extent any filings can be construed to raise any 28 U.S.C. § 2254 challenge to the underlying state convictions, the Court will deny a certificate of appealability (COA) under Habeas Corpus Rule 11. *See Barnes v. New Mexico Department of Corrections*, Summary Order entered October 31, 2023 (requiring the District Court to grant or deny a COA following the dismissal of litigant's piecemeal pleadings under Rule 8(a) and Rule 41).

**IT IS ORERED** that all claims in this case are **DISMISSED without prejudice** pursuant to Rule 41(b) and, alternatively, pursuant to Rule 8(a); and all pending motions (**Docs. 23; 31; 33; 35;** and **39**) are **DENIED as moot**.

**IT IS FURTHER ORDERED** that, to the extent certain filings can be construed to raise a habeas challenge to Plaintiff's underlying state convictions, a certificate of appealability is **DENIED**.

**IT IS FINALLY ORDERED** that the Court will enter a separate judgment closing the

civil case.

HON. SARAH M. DAVENPORT
UNITED STATES DISTRICT JUDGE